SCOTT *v.* BROWN.

Opinion delivered July 14, 1924.

PARENT AND CHILD—CUSTODY OF CHILD.—Where defendant, having secured the custody of her child by an abuse of process, was ordered by the court to restore the child to plaintiff's custody, on a subsequent motion by plaintiff to enforce such order defendant was entitled to show that she had performed such decree by restoring the child to plaintiff's custody as ordered, and that the child subsequently came into defendant's custody without fraud or collusion on her part, as in such case she would have a right to trial of the issue as to the right of custody.

Appeal from Crittenden Chancery Court; *J. M. Futrell,* Chancellor; reversed.

*Scott & Burnett,* for appellants.

*George E. Neuhardt,* for appellee.

McCULLOCH, C. J. This appeal involves a continuation of the controversy between the parties concerning the custody of a child, Nellie Josephine Brown by name. The facts are recited in the opinion of this court on a former appeal. 160 Ark. 490. Mrs. Brown, the appellee, is the mother of the child, and the child has heretofore been, and is now, in the custody of Mrs. Scott. Mrs. Brown resides in Tennessee, and at one time consented for Mrs. Scott to take the child, but later Mrs. Brown obtained possession of the child in Tennessee, and Mrs. Scott sued out a writ of habeas corpus in one of the courts of Shelby County to obtain the custody of the child. After securing the custody of the child in that way, Mrs. Scott brought the child to Arkansas, where she resides. Mrs. Brown then instituted an action in the chancery court of Crittenden County against Mrs. Scott, and the decree was in her favor, from which an appeal was prosecuted.

In affirming the decree of the chancery court we declined to consider the questions as to the best interests of the child or the rights of the parties with respect to the custody of the child, further than to determine that Mrs. Scott, having secured the custody under process of a Tennessee court, could not litigate her right to the custody of the child here until she had restored the

custody to Mrs. Brown and abided by the judgment of the
Tennessee court. In the opinion we said:

"The question therefore as to what the best interests
of the child are, and what the rights of the parties are
with respect to the child, cannot be adjudicated until there
is a restoration of the custody wrongfully obtained
through the writ issued by the Tennessee court. A court
of this State should not lend its aid to the enjoyment of
a benefit secured in that way, and, if the appellants desire
to contest for the custody of the child, they must do so
after having restored it to the custody of the appellee,
Mrs. Brown, within the jurisdiction of the Tennessee
court, where the custody was wrongfully obtained."

Appellee filed in the chancery court of Crittenden
County the mandate of this court affirming the decree,
and moved the court for an order on appellant requiring
her to perform the decree by restoring to appellee the
custody of the child. Appellant appeared in court and
filed her petition, setting forth the fact that she had
complied with the court's decree by restoring the custody
of the child to appellee in Tennessee and by dismissing her
petition for habeas corpus pending in the Tennessee
court. Appellant exhibited with her petition certified
copies of the records of the Tennessee court showing the
dismissal of her action. The prayer of the petition of
appellant was that an order be entered showing that the
decree of the court had been complied with before the fil-
ing of the mandate and that the decree was thereby satis-
fied. The court refused to entertain appellant's peti-
tion, and entered the order, as requested by appellee,
requiring appellant to immediately deliver the child to
appellee, and, in the event of appellant's failure to do so,
directed the sheriff of the court to carry out the order.
Appellant saved exceptions, and has prosecuted an appeal
to this court.

Appellant filed a petition in this court for a cer-
tiorari, which was denied on the ground that any review
of the action of the chancery court must be by appeal.
The petition alleges the facts to be that appellant com-

plied with the former decree of the chancery court by twice delivering the custody of the child to appellee in the State of Tennessee, but that the child subsequently voluntarily left the State of Tennessee and returned to appellant's home in Crittenden County, Arkansas. We are not at liberty to consider the allegations of the petition filed here, for it was not a part of the record in the court below. But the record does show that, at the time this motion was made by appellee to require appellant to comply with the former decree, the child was then in the custody of appellant, and that appellant offered to show that she had, prior to that time, and prior to the filing of the mandate of this court, fully complied with the decree. We are of the opinion that the court erred in summarily entering an order directing appellant to deliver the child to appellee, and in refusing to hear appellant on her petition alleging that she had theretofore fully complied with the original decree. The judgment of this court was merely one affirming the decree of the chancellor, but, in stating the reasons for affirmance, we said that appellant was not in an attitude to litigate for the possession of the child and could not do so until she had restored the custody to appellee. She had the right therefore to show that she had fully complied with those requirements and had delivered the child to the custody of appellee in Tennessee. According to appellant's contention, she is now in an attitude to contest with appellee her right to obtain the custody of the child. If she restored the child in good faith, and if the child subsequently came into the custody of appellant without any fraud or collusion on the part of the latter, she had the right to a trial of the issues which we decided could not be tried in the other case.

The decree is therefore reversed, and the cause remanded for further proceedings, with directions to hear such proof as may be offered on the question whether or not appellant has complied with the former decree of the court by in good faith restoring the custody of the child to appellee. It is so ordered.